# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE (ABINGDON) DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 13** |
| WALTER R. LANE & ) | |
| MARY E. LANE, ) | **Case No. 17-70336** |
| ) | |
| Debtors. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the Objection to the Debtors' Claim of Exemption (the "Objection") filed by the Chapter 13 Trustee (the "Trustee") and the Debtors' response thereto. The Court conducted a hearing on this matter on May 17, 2017, and directed the parties to submit simultaneous briefs on the issue presented. The parties did so on June 23, 2017, and the matter is ripe for resolution. For the reasons discussed below, the Court will overrule the Trustee's Objection and allow the Debtors' claimed exemption.

## FACTUAL BACKGROUND[1]

The Debtors filed their Voluntary Petition under Chapter 13 of the Bankruptcy Code on March 15, 2017. On that date, the Debtors listed an interest in an account at Eastman Credit Union (the "Account") containing personal injury proceeds with a value of $8,765.00 on Schedule A/B. The same account was listed as exempt on Schedule C in the amount of $8,765.00 pursuant to Va. Code Ann. § 34-28.1. The Account was opened in November 2016 with a deposit of $22,474.67, which were proceeds payable to Mary E. Lane as a result of a

---

[1] The parties submitted a joint stipulation of facts on June 1, 2017.

personal injury lawsuit settlement. On the date the Chapter 13 Petition was filed, the Account actually held $11,100.63.

On April 11, 2017—after the Chapter 13 Petition was filed, but prior to the 11 U.S.C. § 341 Meeting of Creditors (the "341 Meeting")—$1,300.00 was transferred from a separate account into the Account. This $1,300.00 transfer "was attributable to both tax refund monies and Mr. Lane's employment income." Stipulation ¶ 8. On May 1, 2017, following the 341 Meeting, the Trustee filed the Objection on the basis that the personal injury proceeds had been commingled. On April 14, 2017, $1,300.00 was transferred out of the Account into the separate account. "On April 25, 2017, all of the tax refunds including the $1,300 were transferred" from that separate account to the Trustee. Stipulation ¶ 11.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).

Virginia has opted out of the federal bankruptcy exemption scheme contained in 11 U.S.C. § 522. *See* Va. Code Ann. § 34-3.1. Debtors, therefore, are allowed only the exemptions afforded by the Virginia Code and may not claim the federal exemptions. *See In re Cantu*, 553 B.R. 565, 567 n.1 (Bankr. E.D. Va. 2016); *see also* 11 U.S.C. § 522(b)(2), (3); *In re Nguyen*, 211 F.3d 105, 107 (4th Cir. 2000). Under Va. Code Ann. § 34-28.1, "all causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement shall be

2

exempt from creditor process against the injured person . . . ." Va. Code. Ann. § 34-28.1. The Trustee has objected to the Debtors' claimed exemption under Va. Code Ann. § 34-28.1 on the grounds that the Debtors lost their claimed exemption when the funds were commingled.

The Trustee cites *Bernardini v. Central National Bank of Richmond*, 223 Va. 519, 290 S.E.2d 863 (1982), in support of the proposition that under Virginia law, the commingling of funds leads to the loss of exempt status. In that case, the Virginia Supreme Court addressed the commingling of wages with workmen's compensation and disability benefits. The latter funds were exempted from the claims of creditors by the Workmen's Compensation Act, *see* Va. Code Ann. § 65.1-82, and the Social Security Act, *see* 42 U.S.C. § 407. In addition, the Bernardinis contended that 75% of Mrs. Bernardini's wages, which had also been deposited into the account, were exempt under Va. Code Ann. § 34-29. All of these funds had been deposited into the Bernardinis' joint checking account, and the bank set off all of the funds in the account against a business indebtedness of Mr. Bernardini. The court held that "by depositing the checks in a general account and commingling them with other nonexempt money, the Bernardinis' funds lost whatever exemptions they may have had." *Bernardini*, 223 Va. at 522. The court reasoned that, if the funds were to retain their exemption, "[t]he bank would be charged with the responsibility of inquiring into and noting the source of each deposit made with it." *Id.* at 521. Importantly, the court also indicated that the funds in question would be difficult to trace, asking "[b]y what procedure is the bank to determine at any instant which portion of the account is exempt and which is available to satisfy the claims of creditors?" *Id.* at 522.

The Trustee also cites *In re Nat Warren Contracting Co.*, 905 F.2d 716 (4th Cir. 1990). In that case, the court found that an account created to hold exempt funds that were not subject to setoff "lost its specialness" when nonexempt funds were deposited. *Id.* at 718. The court cited

3

*Bernardini* in support of the proposition that "[f]unds not subject to setoff lose their exempt status . . . when they are commingled with funds that are not exempt from setoff." *Id.* (citing *Bernardini*, 223 Va. at 522).

In the aftermath of the *Bernardini* case, the Virginia General Assembly amended Va. Code Ann. § 34-29 to preserve the wage exemption even in cases in which the funds are commingled. *See in re Delima*, 561 B.R. 647, 649 (Bankr. E.D. Va. 2016); *In re Meyer*, 211 B.R. 203, 211 (Bankr. E.D. Va. 1997). In addition, the Virginia Workmen's Compensation Act has been amended to preserve the exempt status of workmen's compensation benefits, even if the funds are commingled. *See* Va. Code Ann. § 65.2-530. As to the wage exemption, the *Meyer* court stated that "[b]y not including any express requirement that such account be specially designated, the statute appears to silently overrule that portion of *Bernardini* requiring that the bank be given notice of the special character of the account, at least where 'earnings' are at issue." *Meyer*, 211 B.R. at 211. Va. Code Ann. § 34-28.1 does not contain a statutory requirement to deposit the proceeds of a personal injury claim into a specially designated account.

The Debtors assert that the exemption should be determined at the time of the filing of the petition. As Judge Shelley stated in *In re Heater*, 189 B.R. 629 (Bankr. E.D. Va. 1995), "the prevailing analyses point to an adherence to the date of bankruptcy petition filing as determining the exemptions available to the debtor . . . ." *Id.* at 635 (citing "*Cordova v. Mayer,* (*In re Cordova*), 177 B.R. 527, 529 (E.D. Va. 1995) (holding that '[the bankruptcy] exemption was fixed at the time of filing [the debtor's] petition' in a case involving a divorce proceeding); *In re Sivley,* 14 B.R. 905, 909–10 (Bankr. E.D.Tenn. 1981) (stating the general proposition that 'the debtor's exemptions are determined as of the time of filing [their petition]' in the context of

4

tenancy by the entirety property in a divorce proceeding); *In re Webb,* 121 B.R. 827, 830 (Bankr. E.D.Ark. 1990) (stating that a debtor's right to exempt property is fixed on the date of filing his bankruptcy petition in applying an Arkansas homestead exemption statute to a debtor who became a widower after his petition date)").

By contrast, the Trustee cites *In re Ballard*, 65 F.3d 367 (4th Cir. 1995). In that case, a husband and wife filed a petition under Chapter 11 and claimed an exemption in their residence on the basis that they owned the property as tenants by the entireties. However, while the case was pending, the female debtor passed away, thus destroying the tenancy by the entireties. The Court found that the surviving debtor could not exempt the property from the claims of his individual creditors because the protections afforded by the tenancy by the entireties had been destroyed. The Court sated "[t]his result is not dictated by any provision of bankruptcy law but rather by the unique character of property held in tenancy by the entireties." *Id.* at 372.

The Court does not find the present case to be analogous to the destruction of a tenancy by the entireties estate. Rather, it is undisputed that the account in question retains the same funds at present that it did when the Debtors filed their petition and claimed their exemption. While the Debtors briefly commingled the proceeds of Ms. Lane's personal injury settlement with their tax refund, the commingled funds were removed from the account. The funds at issue are clearly traceable. In *In re Williams*, 337 B.R. 846 (Bankr. E.D. Va. 2005), the court held that the debtors could claim an exemption under Va. Code Ann. § 34-28.1 in a mobile home and van that were acquired using the proceeds of a personal injury settlement. The court stated that "it is illogical that debtors cannot exempt as proceeds of the personal injury action property that they purchased with the proceeds so very near in time to their receipt of the proceeds and so easily

5

traceable to the proceeds." *Id.* at 852. In the present case, the funds are just as easily traceable to the personal injury settlement.

## CONCLUSION

Within the Fourth Circuit, bankruptcy courts are generally to construe exemptions liberally in favor of the Debtor. *Nguyen*, 211 F.3d at 110 (citing *Shirkey v. Leake*, 715 F.2d 859, 862 (4th Cir. 1983); *Cheeseman v. Nachman*, 656 F.2d 60, 63 (4th Cir. 1981)). The Court sees no reason to depart from the general rule that exemptions are to be determined as of the date of the bankruptcy petition. This is not a case where the Debtors are trying to amend schedules or turn back the clock to correct something in the past. When they filed, the funds were exempt and properly segregated. Further, in the circumstances of this case, the Court does not find any requirement in the exemption statute that the Debtor must segregate the proceeds of a personal injury settlement post-petition to maintain an exemption properly claimed under Va. Code Ann. § 34-28.1. Moreover, the funds in question are clearly and unambiguously traceable to Ms. Lane's personal injury settlement. Accordingly, the Court will overrule the Objection and allow the Debtors' claimed exemption.

A separate Order will be entered contemporaneously herewith.

Decided this 19th day of July, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE